IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VERNON HAYES WATSON,

   Plaintiff,

vs.           No. 11-2642-STA-cgc

PICCADILLY RESTAURANTS, LLC,
et al.,

   Defendants.

ORDER DENYING WITHOUT PREJUDICE PICCADILLY'S MOTION
TO STAY PROCEEDINGS PENDING ARBITRATION
ORDER DENYING LEAVE TO AMEND
AND
ORDER DENYING APPOINTMENT OF COUNSEL

On July 28, 2011, Plaintiff Vernon Hayes Watson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against Piccadilly Restaurants LLC ("Piccadilly") and Jeff Blaylock, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on August 2, 2011, granting leave to proceed *in forma pauperis*. (ECF No. 3.) On September 30, 2011, the Court issued an order that dismissed the claim against Blaylock pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and directed the Clerk to issue process for, and the marshal to effect service on, Piccadilly. (ECF No. 4.) Plaintiff filed an amended complaint as of right on November 3, 2011. (ECF No. 6.)

On November 11, 2011, Piccadilly filed a Motion to Stay Proceedings Pending Arbitration. (ECF No. 10.)[1] Plaintiff filed a response in opposition to the motion on November 28, 2011. (ECF No. 12.) On June 22, 2012, Piccadilly filed a Supplemental Memorandum in Support of Motion to Stay Proceedings Pending Arbitration. (ECF No. 19.)

Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

A court that is asked to stay a federal action pending arbitration must assess whether the parties agreed to arbitrate their dispute. *See, e.g.*, Hergenreder v. Bickford Senior Living Group, LLC, 656 F.3d 411, 416 (6th Cir. 2011).

On May 3, 2008, Plaintiff signed Piccadilly's Dispute Resolution program and Mutual Agreement to Mediate/Arbitrate, which provides as follows:

> By my signature below, I acknowledge that I have received and read the dispute Resolution Program and Mutual Agreement to Mediate/Arbitrate and will abide by same as a condition of employment.

---

[1] On June 19, 2012, in response to the Court's order, Piccadilly filed the exhibit to its motion. (ECF No. 18.) A certificate of service for the attachment was filed on June 22, 2012. (ECF No. 21.)

> I understand that this program requires all covered
> disputes to be submitted to a mediator and (if necessary)
> to an arbitrator, rather than a judge and jury in court.
> In anticipation of gaining the benefits of a fair and
> efficient method for resolving such disputes, I agree to
> all of the terms of and to use the procedure described in
> this Policy for the resolution of all covered claims. I
> also agree that any award made by an arbitrator will be
> binding on both the Company, me, my representatives,
> parents, guardians, assigns, beneficiaries, spouse,
> children and heirs. I further acknowledge that the Dispute
> Resolution Program and Agreement to Arbitrate do not create
> a contract of employment between the Company and me.

(ECF No. 18 at 1.) Because the Dispute Resolution Program and Mutual Agreement to Mediate/Arbitrate is not in the record, Defendant has not demonstrated that Plaintiff's claims in this action are covered by that agreement. Therefore, Defendant's Motion to Stay Proceedings Pending Arbitration is DENIED without prejudice to its right to submit a properly supported motion.

On November 28, 2011, Plaintiff filed a Request for Leave to Amend Complaint to add a claim for wrongful termination. (ECF No. 13.) Plaintiff's motion was not accompanied by a certificate of service reflecting that a copy was mailed to Piccadilly's attorneys, as required by Federal Rule of Civil Procedure 5(a)(1)(D), (b)(1), and (d)(1).[2] Plaintiff also did not comply with Local Rule 7.2(a)(1)(B), which provides as follows:

> Consultation by Counsel. All motions, including discovery
> motions but not including motions pursuant to Fed. R. Civ.
> P. 12, 56, 59 and 60 shall be accompanied by a certificate
> of consultation affirming that, after consultation between

---

[2] The September 30, 2011 order instructed Plaintiff to "serve a copy of every document filed in this cause on the attorneys for Piccadilly" and to "make a certificate of service on every document filed." (ECF No. 4 at 5.) Plaintiff was further ordered to "familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules." (*Id.*) The Court REITERATES these instructions. **The Clerk is directed not to accept for filing any further documents submitted by Plaintiff that do not include a certificate of service.**

3

> the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.
>
> The certificate must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with this rule.

Because Plaintiff did not serve a copy of his motion on Piccadilly, and did not consult with Piccadilly before filing the motion, leave to amend is DENIED without prejudice.

On February 6, 2012, Plaintiff filed a motion seeking the appointment of counsel in this matter. (ECF No. 16.)[3] Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); *see also* Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right

---

[3] It does not appear that a copy of this motion was served on counsel for Piccadilly.

to counsel in federal civil cases . . . ."). Appointment of counsel is "'a privilege that is justified only by exceptional circumstances.'" Lavado, 992 F.2d at 606 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

*Id.* at 606.[4] Appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when her chances of success are extremely slim. *Id.* (citing Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)); see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[5]

Plaintiff has not satisfied his burden of demonstrating that appointment of counsel would be appropriate in this case. Nothing in Plaintiff's submission distinguishes this case from numerous other lawsuits filed by *pro se* litigants who are untrained in the law. The Court also does not appoint attorneys to represent

---

[4] A plaintiff is not entitled to an evidentiary hearing on the issue. Sutton v. Small Bus. Admin., 92 F. App'x 112, 116 (6th Cir. 2003).

[5] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Ct., 490 U.S. 296, 310 (1989).

parties in arbitrations. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 6th day of July, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE